UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NICOLE T. NGUYEN, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | No. _____ | |
| § | | |
| CITY OF STAFFORD AND § | JURY TRIAL DEMANDED | |
| LEONARD SCARCELLA, MAYOR § | | |
| OF CITY OF STAFFORD, § | | |
| § | | |
| Defendants. § | | |
| § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Nicole T. Nguyen (referred to as "Plaintiff" or "Nguyen") and files this lawsuit against Defendant City of Stafford (referred to as "Stafford" or "Defendant") and Leonard Scarcella, Mayor of City of Stafford (referred to as "Mayor" or "Scarcella" or "Defendant") (collectively referred to as "Defendants"). Plaintiff states as follows:

### I. Introduction

1. This employment discrimination case is brought by Nicole T. Nguyen, the Court Director at the City of Stafford. She has and continues to suffer gender/sex discrimination, retaliation and a hostile work environment. Plaintiff Nguyen brings this gender/sex discrimination based upon gender, female, hostile work environment and

retaliation case pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. 2000e, *et. seq*. ("Title VII") and Chapter 21 of the Texas Labor Code.

2. Plaintiff brings this action because Defendants have maintained a discriminatory workplace in which she has been subject to discrimination and a hostile work environment based upon her gender, female. When Nguyen opposed these unlawful discriminatory practices, the Mayor retaliated against her.

3. Additionally, as a result of the City of Stafford and Mayor Leonard Scarcella's policies, patterns and practices, female department heads, including Plaintiff, received less compensation and are promoted less frequently than their male counterparts in violations of Fair Labor Standards Act of 1938, 29 U.S.C. §§ 206, et seq., as amended by the Equal Pay Act of 1963 ("EPA").

## II. Parties

4. Plaintiff Nicole T. Nguyen is a resident of City of Stafford, Texas; at all relevant times, she was and is the Court Director for City of Stafford.

5. Defendant City of Stafford is a political subdivision of the State of Texas and may be served with process by serving the Mayor of the City of Stafford Leonard Scarcella at 2610 South Main St. Stafford, Texas 77477 or wherever he may be found. *See*, Tex. Civ. Prac. & Rem. Code § 17.024(b).

6. Defendant Leonard Scarcella is a duly elected official of the City of Stafford. Service of process may be served upon him at 2610 South Main St. Stafford, Texas 77477 or

wherever he may be found.

7. Whenever it is alleged that City of Stafford committed any act or omission, it is meant that city council members, the mayor, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of the City of Stafford or was done in the routine and normal course and scope of employment of the City of Stafford's city council members, the mayor, agents, servants or employees.

### III. Jurisdiction & Venue

8. This action arises under 42 U.S.C. §§ 1983, 1988 and U.S. Const. amend. I.

9. The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 because it arises under 42 U.S.C. §§ 1983, 1988 and the Equal Pay Act of 1963, federal statutes. This Court has supplemental subject matter jurisdiction over the Texas Labor Code § 21.051, because the state law claims arise from a common nucleus of operative facts with the federal claims and are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

10. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1)-(2) and 42 U.S.C. §2000e-5(f)(3), because Defendants reside in the Houston Division of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to Nguyen's claims occurred in the Houston Division of the Houston District of Texas.

11. Nguyen filed a charge of discrimination, hostile work environment and retaliation with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission-Civil Rights Division ("TWCCRD").

12. Nguyen has exhausted any applicable administrative remedies and on August 8, 2019, received the Dismissal and Notice of Right to Sue letter from TWCCRD. This lawsuit has been filed within 60 days of her receipt of the Dismissal and Notice of Right to Sue letter.

13. All conditions precedent to filing this lawsuit and as required by law have been performed or have occurred.

## IV. Facts

14. Nguyen, an Asian female, has been employed as the Court Director with the City of Stafford, since 1999.

15. As the court director, Nguyen is the department head for the City of Stafford Municipal Courts, and reports directly to the Mayor, Leonard Scarcella.

16. Defendants employs multiple different department heads, many of which are male that also report directly to the Mayor.

17. Defendant, Leonard Scarcella, is currently Texas' longest serving mayor, who has been in office 49 years.

18. In his capacity as Mayor of the City of Stafford, he is an employer as defined by 29 U.S.C. § 203(d).

19. Plaintiff is the only Asian female department head employed by Defendants.

20. In or around 2016, the Mayor and the City of Stafford hired a third-party to conduct a compensation study for its employees, including department heads.

21. Among other findings, the compensation study concluded vast pay disparities between male and female employees, including department heads.

22. Throughout her employment, Plaintiff and other female department heads have been subjected to a different treatment than that of their male counterparts. Stated differently, Defendants have regularly and routinely exhibited preferential treatment toward male employee department heads, including but not limited to salary inequality.

23. In short, female employee department heads, including Plaintiff, are systematically undervalued relative to their similarly situated male peers.

24. For example, despite her impeccable almost 20-year career, Defendants pay Plaintiff less compensation than it pays to her male counterparts, i.e. other department heads.

25. In addition, inequality in compensation based on gender compounds over time because periodic compensation decisions, such as salary increases, are affected by current salary.

26. As a result of the gender-based pay disparity, in or around May of 2018 Plaintiff made a written complaint of gender and race discrimination and as well as pay inequality to the Mayor, the human resource director and the city council.

27. Immediately following her complaint of discrimination, she became a victim of discrimination.

28. For example, the Mayor, privately and publicly admonished Plaintiff for tendering her complaint of discrimination and pay inequality.

29. Additionally, following her complaint of discrimination and pay inequality, and despite the compensation study which concluded that vast pay disparities between male and female employees existed, the Defendants, including the Mayor and members of city council, voted against increasing the salaries of the Plaintiff and another long term female department heads but approved salaries increases for 3 male department heads.

30. And while Plaintiff did eventually receive a slight salary increase it was well below her male counterparts.

31. She continues to be the longest serving and lowest paid department head within the City of Stafford.

32. Defendants' wrongful acts have directly and/or proximately caused grievous, permanent injury to Plaintiff, including great emotional distress, physical pain, mental anguish, fear, humiliation, embarrassment, degradation, injury to her reputation, suffering and economic damages (including loss of income).

33. As a result, Plaintiff filed a charge of discrimination and hostile work environment with the Equal Employment Opportunity Commission and the Texas Workforce Commission-Civil Rights Division.

34. The unlawful employment practices complained of in the foregoing were done with malice or with reckless indifference to the federally and state protected rights of Plaintiff.

## V. Count One— Gender Discrimination, Retaliation and Hostile Work Environment Under Title VII of the Civil Rights Act and Texas Labor Code (City of Stafford)

35. Nguyen adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

36. City of Stafford's employment practices had a disparate impact on Nguyen because of her sex, female.

37. The City of Stafford through Mayor Scarcella in his official capacity partook in actions that demonstrate gender discrimination and hostile work environment with malice or with reckless indifference to Nguyen's protected rights and are in violation of Title VII of the Civil Rights Act and the Texas Labor Code §21.051.

38. Throughout her employment with the City of Stafford, Nguyen was subjected to discrimination that was based upon her gender, female. The discrimination was severe and pervasive. It was unwelcome and altered the terms and conditions of her workplace.

39. Defendants' discrimination of Nguyen culminated in one or more tangible employment actions, gender-based pay disparity.

40. As a result of the gender-based pay disparity, in or around May of 2018 Plaintiff made a written complaint of gender and race discrimination and as well as pay inequality to the Mayor, the human resource director and the city council.

41. Immediately following her complaint of discrimination, she became a victim of retaliation and adverse employment actions.

42. Nguyen avers that City of Stafford's unlawful gender discrimination, retaliation

and hostile work environment violate the provisions of Title VII of the Civil Rights Act of 1954, as amended by the Civil Rights Act of 1991 and Texas Labor Code justifying an award, *inter alia*, of compensatory damages against City of Stafford.

43. Such discrimination has caused Nguyen to suffer damages of severe emotional distress and lost wages including lost raises, seniority and retirement benefits, and other benefits associated as Nguyen has been subjected to an adverse employment action as a result of the discrimination.

44. Such discrimination and hostile work environment were committed with malice and reckless indifference to the rights of Nguyen who endured discrimination, opposed such, and desires to be treated equally pursuant to the intent of the statute to protect victims from such actions.

45. Nguyen has been denied opportunities to which she was entitled and such benefits and privileges that she would have received if she had not been intentionally discriminated and retaliated against by City of Stafford.

46. Nguyen is now suffering and will continue to suffer past and future pecuniary losses, emotional and physical pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. These irreparable injuries and monetary damages are the result of City of Stafford's discriminatory practices and they will continue unless and until this Court grants relief.

## VI. Count Two—Equal Pay Act, The Fair Labor Standards Act of 1938, as amended by The Equal Pay Act, 29 U.S.C. §§ 206, *et seq*. (City of Stafford & Leonard Scarcella)

47. Nguyen adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

48. Defendants have discrimination against Plaintiff in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 206, *et seq*., as amended by the Equal Pay Act of 1963.

49. For the better part of Plaintiff's almost 20 year career as the head of the City of Stafford's Court System, Defendants have paid her less than similarly-situated male department heads performing equal work on jobs the performance of which requires equal skill, effort and responsibility, and which are performed under similar working conditions.

50. The differential in pay between male and female department heads, including Plaintiff are not due to seniority, merit, quantity or production, but due to gender.

51. Defendants did not act in good faith, and caused, attempted to cause, contributed to, or caused the continuation of, the wage discrimination based on sex in violation of the EPA.

52. Moreover, the foregoing conduct constitutes a willful violation of the EPA within the meaning of 29 U.S.C. § 255(a). Because Defendants willfully violated the EPA, a three-year statute of limitations applies to such violations, pursuant to 29 U.S.C. § 255(a).

53. As a direct result of Defendants' discriminatory policies and/or practices as described above, Plaintiff has suffered damages including, but not limited to, lost past and future income, compensation and benefits.

## VII. Attorney's Fees & Costs

54. Nguyen adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

55. Nguyen is authorized to recover attorney's fees and costs on her claims by statute and under principles of equity. *See, e.g.*, 42 U.S.C. § 1988 and 29 U.S.C. § 216(b).

56. Nguyen has retained the professional services of the undersigned attorneys.

57. Nguyen has complied with the conditions precedent to recovering attorney's fees and costs.

58. Nguyen is entitled to recover her attorney's fees and costs.

59. Nguyen has incurred or may incur attorney's fees and costs in bringing this lawsuit.

60. The attorney's fees and costs incurred or that may be incurred by Nguyen were or are reasonable and necessary.

## VIII. Conditions Precedent

61. All conditions precedent have been performed or have occurred.

## IX. Jury Demand

62. Nguyen demands a trial by jury on all issues triable to a jury. *See*, Fed. R. Civ. P. 38.

## X. Prayer

63. To redress the injuries directly and/or proximately caused by Defendants' wrongful conduct and to prevent the substantial risk of additional, irreparable injury from the

customs, policies and/or practices complained of in this lawsuit, Nguyen respectfully requests that the Court enter a judgment in her favor that provides the following relief:

a. damages in an amount to be established at trial resulting from the deprivation of Nguyen's constitutional rights, including past and future economic loss, physical harm, emotional trauma, loss of privacy, and loss of reputation;

b. damages in an amount to be established at trial sufficient (1) to punish Defendants for their outrageous and malicious conduct which was undertaken with a reckless disregard for and with deliberate indifference to Nguyen's constitutional rights; (2) to discourage Defendants from engaging in similar conduct in the future and (3) to deter others from engaging in similar unlawful conduct;

c. judgment against Defendants for lost wages and benefits, both back pay and front pay resulting from the discriminatory actions of Defendant;

d. compensatory damages for severe mental anguish in the past and future, injury to their reputation, for adverse effects on their career, and for diminished earning capacity resulting from the discriminatory actions of Defendants;

e. back pay, including benefits as a result of the EPA violation;

f. liquidate damages

g. an award of reasonable and necessary attorney's fees as specifically authorized by, among other things, 42 U.S.C. § 1988, 29 U.S.C. § 216(b);

h. an award of reasonable and necessary costs and expenses;

i. prejudgment interest as provided by law;

j. postjudgment interest as provided by law; and

k. judgment for all the other relief to which Nguyen may be entitled.

- 12 -

        Respectfully submitted,

        MOORE & ASSOCIATES

By: ___/s/ Melissa Moore___
        Melissa Moore
        State Bar No. 24013189
        Federal ID 2512
        Rochelle Owens
        Federal Id. No. 590507
        State Bar No. 24048704
        Lyric Center
        440 Louisiana Street, Suite 675
        Houston, Texas 77002
        Telephone: (713) 222-6775
        Facsimile: (713) 222-6739

        **ATTORNEYS FOR PLAINTIFF**