UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NICOLE T. NGUYEN<br>    Plaintiff | |
| v. | No. 4:19-CV-03644 |
| CITY OF STAFFORD AND LEONARD SCARCELLA, MAYOR OF CITY OF STAFFORD<br>    Defendants | JURY TRIAL DEMANDED |

## DEFENDANTS' MOTION TO COMPEL

Defendants move to compel Plaintiff to produce documents Plaintiff admitted in deposition that Plaintiff used to refresh her memory to testify during the deposition.

Because under Federal Rule of Evidence 612 a questioning party has the right to see any and all documents a witness used to refresh her memory to testify, *regardless of any assertion of privilege*, the Court should order Plaintiff's counsel to produce the documents Plaintiff admitted under oath Plaintiff reviewed during Plaintiff's deposition to testify in Plaintiff's deposition.

## CERTIFICATE OF CONFERENCE

Defendants' counsel conferred with Ms. Moore during Plaintiff's January 4, 2020 deposition.

## FACTUAL BACKGROUND

On January 4, 2020, Defendants took Plaintiff's deposition. In response to common, direct questions, Plaintiff testified that she used documents to refresh her recollection in preparation of further testifying in the deposition:

> Q. But before we broke -- before you left this room, Ms. Moore was showing you a piece of paper, right?
> A. Yes.
> Q. What piece of paper was that?
> A. That was my paper that I outlined the timeline.
> …

4821-3510-8272.1

> Q. Okay. And were you looking at that to provide testimony today?
> A. It refreshed my memory, yes.
> Q. In order to testify, right?
> A. Well, because - -
> Q. Yes or no, ma'm?
> A. Yes.

Depo. of Nicole T. Nguyen [Ex. 1], p. 165 at 23-25, p. 166 at 1-2, p. 168 at 21-25, p. 169 at 1-2.

In fact, Plaintiff acknowledged that she was reviewing the documents in front of Defendants' counsel:

> Q. Okay. And you gave it to your lawyer, right?
> A. Yes.
> Q. And your lawyer was showing it to you here in this conference room - -
> A. Yes.

*Id.* at p. 168 at 5-9.

Nonetheless, Plaintiff's counsel refused to produce the documents to Defendants:[1]

> Ms. Moore: It's attorney-client privileged.
> Mr. Helfand: Okay. That's fine. Under the rules if she used it to refresh her recollection it becomes discoverable even if privileged.
> Ms. Moore: You're not getting it.

*Id.* at p. 169 at 7-12.

---

[1] Plaintiff's counsel removed the documents with her when Plaintiff's counsel left the deposition shortly thereafter. Plaintiff's counsel withheld the documents based on the assertion the documents are protected by the attorney-client privilege. Depo. of Nicole T. Nguyen, p. 169 at 4-8. Defendants' counsel pointed out that Rule 612's requirement to turn over such documents supersedes any claim of privilege. *Id.* at p. 169 at 9-11. Plaintiff's counsel refused to abide by Rule 612 and provide the court reporter with the documents sealed in an envelope:

> Mr. Helfand: Okay. So we have an envelope here. If you would like to seal that in this envelope, then I'll suspend the deposition.
> Ms. Moore: Upon further reflection, as a duty - - as an office of the Court, I will - - I have a duty to protect it and reserve it, and I will and produce it if the Judge would like to see it. But I'm not tendering it to anyone because I'm an officer of the Court and I have duty to protect it, and I will.
> Mr. Helfand: Okay. Is there some reason you won't give it to the court reporter?
> Ms. Moore: Because I said so.

*Id.* at p. 178 at 1-12.

**ARGUMENT AND AUTHORITIES**

1. *Even if the Documents are Privileged, Rule 612 Requires that Plaintiff Present the Documents to Defendants*

Federal Rule of Evidence 612 provides that "[a]n adverse party is **entitled** to have the writing [a witness used to refresh their memory while testifying at deposition], to inspect it, to cross-examine the witness about it, and to introduce in evidence any portion that relates to the witness's testimony." FED. R. EVID. 612 (emphasis added). Courts must compel production of any documents, including privileged documents, if a deponent refreshes her memory with the documents "during the deposition itself" as opposed to "prior to deposition." *Robinson v. Time Warner, Inc.*, 187 F.R.D. 144, 147 (S.D.N.Y. 1999).

Assuming *arguendo* the documents Plaintiff used to refresh her memory during the deposition were privileged, Rule 612 nonetheless requires that Plaintiff produce those documents. "Confronted with the conflict between the command of Rule 612 to disclose materials used to refresh recollection and the protections afforded by the attorney-client privilege and the work-product doctrine, the weight of authority holds that the privilege and protections are waived." *S & A Painting Co. v. O.W.B. Corp.*, 103 F.R.D. 407, 409 (W.D. Pa. 1984); *see also James Julian, Inc. v. Raytheon Co.*, 93 F.R.D. 138, 145 (D. Del. 1982). Thus, a deponent may waive a privilege when she uses documents to refresh her memory "in connection with her deposition testimony." *Thomas v. Euro RSCG Life*, 264 F.R.D. 120, 122 (S.D.N.Y. 2010) (collecting cases). As the court in *Adidas Am., Inc. v. TRB Acquisitions Ltd. Liab. Co.* observed, however, courts and commentators have determined that there is a "mandatory waiver" of privilege for a deponent who refreshes her recollection **during a deposition**. 324 F.R.D. 389, 399 (D. Or. 2017).

Because Plaintiff admits she reviewed these documents during her deposition to refresh her recollection to testify, Plaintiff waived any privilege she may attempt to allege protect these

documents from disclosure. Defendants are entitled to see these documents and question Plaintiff about them in a resumed deposition.

    2. *Under Rule 37, Defendants are Entitled to Sanctions*

Plaintiff's counsel's failure to follow Rule 612 warrants sanctions under Rule 37(b). *See* FED. R. CIV. P. 37(b). Defendants' counsel explained the unambiguous requirements of Rule 612 to Plaintiff's counsel at the deposition, but Plaintiff's counsel refused to produce the documents. Prior to presenting this motion to the Court, Defendants' counsel again asked Plaintiff to produce the relevant documents but Plaintiff's counsel refused to do so. It is clear that Plaintiff's counsel does not have good cause for withholding the relevant documents and that nothing short of a Court order will force Plaintiff's counsel to comply with the mandates of Rule 612.

Because Plaintiff's failure to produce the relevant documents was not substantially justified, Defendants seek reasonable attorney's fees related to the instant motion. My associate spent five hours working on this motion at a rate of $250 an hour and I spent .9 hours working on this motion at a rate of $320 an hour. Accordingly, Defendants seek $1538 in reasonable attorney's fees for drafting this motion.

## CONCLUSION

Defendants are entitled to inspect any documents Plaintiff reviewed while testifying at her deposition and to cross-examine Plaintiff about said documents, and therefore respectfully request the Court order Plaintiff to produce the documents.

    Respectfully Submitted,

    **LEWIS BRISBOIS BISGAARD & SMITH LLP**

    */s/ William S. Helfand*
    William S. Helfand
    State Bar No. 09388250
    Fed. I.D. No. 8791
    Christopher Walton

        State Bar No. 24098574
        Fed. I.D. 3472661
        Lewis Brisbois Bisgaard & Smith LLP
        24 Greenway Plaza, Suite 1400
        Houston, Texas 77046
        Telephone: (713) 659-6767
        Facsimile: (713) 759-6830

        ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record via electronic filing, hand delivery, certified mail-return receipt requested, and/or facsimile, as indicated, in accordance with the Federal Rules of Civil Procedure on February 3, 2020.

Melissa Moore
Rochelle Owens
MOORE & ASSOCIATES
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone:   (713) 222-6775
Facsimile:   (713) 222-6739

ATTORNEYS FOR PLAINTIFF

        */s/ William S. Helfand*
        William S. Helfand